## MASON *v.* SARGENT.

A testator who died Dec. 4, 1867, bequeathed certain personal property to trustees, to be held by them in trust for his widow during her life, and on her death to his children. She died June 17, 1872. *Held,* that a legacy tax upon the property was, without authority of law, assessed in April, 1873, as no right to the payment thereof had accrued at the date when the act of July 14, 1870, c. 255 (16 Stat. 256), repealing such tax, took effect.

ERROR to the Circuit Court of the United States for the District of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. George Putnam* for the plaintiffs in error.

*The Solicitor-General,* contra.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The action was brought by William P. Mason and Walter C. Cabot, to recover back the amount of a legacy tax, paid, under protest, by them to John Sargent, the defendant, as collector of internal revenue for the Fourth Massachusetts District.

The facts upon which the judgment was rendered in the court below, it was agreed, were as follows: William P. Mason, the plaintiffs' testator, died Dec. 4, 1867. By his will, duly proved and allowed, the personal property upon which the tax in question was levied was bequeathed to plaintiffs in trust for his widow for her life, and upon her death one-half to the plaintiff, William P. Mason, and one-half to Elizabeth R. Cabot,

children of the testator of full age at his death. The widow died on June 17, 1872. In April, 1873, the tax in question was assessed by Jonathan H. Mann, assessor of said district; and, May 13, 1873, plaintiffs paid defendant said tax under protest, to avoid distraint or other forcible process to collect the same. May 19, 1873, plaintiffs duly made claim upon the Commissioner of Internal Revenue for the refunding of said tax, for the reason that the said property did not vest in possession in the plaintiffs' *cestuis que trust,* until the death of the testator's widow, which occurred after Oct. 1, 1870, the date at which the repeal of the legacy succession tax went into effect, and that the tax had not accrued at said date so as to come within the saving clause of the act of repeal. Act of July 14, 1870, sect. 17. Aug. 5, 1873, the Commissioner of Internal Revenue rejected the appeal, " for the reason that the tax accrued under the 124th section of the act of June 30, 1864, and was saved by section 17 of the act of July 14, 1870, and, still existing, was properly assessed." Judgment was rendered in favor of the collector, and the plaintiffs sued out this writ of error.

The tax in question was imposed by sect. 124 of the act of June 30, 1864, c. 173 (13 Stat. 223, 285), upon legacies or distributive shares of personal property exceeding the sum of $1,000; passing, after the passage of the act, from a decedent, either testate or intestate, in the hands of an executor, administrator, or trustee, varying in rate, as 'the party beneficially entitled was less or more remote in consanguinity, or a stranger in blood, to the person from whom it passed; with a proviso that legacies or distributive interests in intestate estates, passing to husband or wife, should be exempt from such tax.

Section 125 of the same act, as amended by the act of July 13, 1866, c. 184 (14 id. 98, 140), provides that this legacy tax or duty " shall be due and payable whenever the party interested in such legacy or distributive share or property or interest aforesaid shall become entitled to the possession or enjoyment thereof, or to the beneficial interest in the profits accruing therefrom," &c. It also provides that it shall be a lien for twenty years, unless sooner paid, upon the property taxed; and the executor, administrator, or trustee, having charge of the

property, is required, within thirty days after he shall have taken charge of the trust, to give notice thereof to the assessor of the district in which the deceased last resided. He is also required, before payment of the legacy to the legatee, to pay the tax to the collector. As a preliminary to the payment of the tax to the collector, he is further required to make out in duplicate a schedule, list, or statement, containing the names of every person entitled to any beneficial interest in the property, together with the clear value of such interest, the original of which he renders to the assessor, and the duplicate of which " shall be by him immediately delivered, and the tax thereon paid to such collector." The collector gives him a receipt, which is his voucher for that much paid on account of the legacy in his settlement with the legatee.

By the third section of the act of July 14, 1870, c. 255 (16 id. 256), the taxes imposed by the laws then in force on legacies and successions, among others, were repealed "on and after the first day of October, eighteen hundred and seventy;" and by the seventeenth section of that act (p. 261) it was enacted that "all acts and parts of acts relating to the taxes herein repealed, and all the provisions of said acts, shall continue in full force for levying and collecting all taxes properly assessed, or liable to be assessed, or accruing under the provisions of former acts, or drawbacks the right to which has already accrued, or which may hereafter accrue, under said acts, and for maintaining and continuing liens, fines, penalties, and forfeitures incurred under and by virtue thereof. And this act shall not be construed to affect any act done, right accrued, or penalty incurred under former acts, but every such right is hereby saved."

The court below decided that the tax in question had been properly exacted and collected on the ground that the right to it had accrued to the United States before Oct. 1, 1870, when the repealing act took effect, and was within the saving clauses of the seventeenth section.

The contention of the plaintiffs in error, on the other hand, is that, until the legacy itself became payable, the tax upon it did not become a claim in favor of the government; and as the legacy was vested in the widow during her life and the payment of it was postponed until her death, which occurred

June 17, 1872, after the repealing act had taken effect, no right that could be saved by the exceptions had at that time accrued.

It is our opinion that the tax was illegally demanded and collected.

The property or fund which is the subject of the legacy was expressly exempt from tax or duty, in the hands of the trustee, during the life of the testator's widow. It seems to us very plain that the trustee was not bound to make return of the legacy upon the schedule, list, or statement specified in sect. 125 of the act of 1864, until, by the death of the owner of the life-estate, the legacy became payable to those entitled in remainder; for the delivery of that list or statement to the assessor is to be followed immediately by a delivery by the trustee of its duplicate to the collector, and the tax paid thereon to such collector; whereas, by the express terms of the section, as amended by the act of 1866, the tax or duty becomes due and payable only when " the party interested in such legacy, &c., shall become entitled to the possession or enjoyment thereof," &c. The return for assessment and the actual payment of the tax, therefore, are made by the law so nearly simultaneous as that one follows the other in immediate succession ; and it cannot well be said, upon the terms of the act, that the right to the tax has become vested until the obligation arises to list the property for taxation. The subject of the tax is the interest of the legatees in remainder; but it is not taxable as a remainder, for by the terms of the law it does not become a subject of taxation until the right accrues to reduce it to possession. Until then it is expressly exempt from taxation.

The amendment to sect. 125 of the act of 1864, made by the act of 1866, which requires the trustee to give written notice to the assessor of his trust within thirty days after he shall have taken charge of it, is not material to the argument, because it does not appear that this requirement has any other purpose than to give information to the officer for future use. It does not seem to have any connection with the present assessment and collection of the tax.

The provision in sect. 125 of the act of 1864, that the tax

or duty thereby imposed shall be a lien or charge upon the property bequeathed for twenty years, or until the same is paid within that period, determines nothing as to the time when the tax accrues.  It becomes a lien only from that time ; for the lien presupposes the existence of the tax, for which it is a security, and is a charge upon the property, out of which it is payable and upon which it is imposed.  In the present case it is clear beyond dispute that during the life-estate of the widow there was no lien upon the fund, because during that period it was expressly exempt from the tax.

In the case of *Clapp* v. *Mason* (94 U. S. 589), a similar question, as to the liability of these parties under the same will, for a tax collected on their succession to the real estate of the testator, devised upon the same limitations, was decided in their favor.  The court in that case said: "It is manifest that the right does not accrue until the duty can be demanded, that is, when it is made payable." p. 592.

The statement is equally applicable here, and leads to a similar result.

No right to the payment of the tax had accrued at the date when the repealing act took effect; and, therefore, none to collect it can be deduced from its saving clauses.

*Judgment reversed, with instructions to render a judgment upon the agreed statement of facts, in favor of the plaintiffs, for the amount therein specified.*