STURGES & Another, Executors *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued March 24, 1886.—Decided March 29, 1886.

A testator died July 17, 1870, leaving by his will a legacy to his son payable "within three months after he shall arrive at the age of 21 years." The legatee arrived at the age of 21 on the 21st day of February, 1872. *Held*, That the legacy was not subject to a legacy tax.

*Mason* v. *Sargent*, 104 U. S. 689, applied.

This was a suit against the executors of the will of Thomas T. Sturges to recover a legacy tax. The allegations in the complaint were:

"That heretofore, to wit, on the 17th day of July, 1870, in the district aforesaid, Thomas T. Sturges died possessed of certain personal property of the value of one hundred thousand dollars, and then and there, by his last will and testament, appointed the defendants respectively, his executor and executrix; that said will was then and there duly proved, and said defendants then and there received and had in charge or trust in the fiduciary capacity aforesaid a certain legacy or interest arising from personal property, which then and there passed by the terms of said last will and testament, which were as follows:

" 'I give and bequeath to my son, George W. M. Sturges, the sum of one hundred thousand dollars, to his own use forever, to be paid to him within three months after he shall arrive at the age of twenty-one years, and which legacy or interest then and there amounted to and was of the clear value of one hundred thousand dollars.'

"That said George W. M. Sturges was then and there the son of said Thomas T. Sturges.

"That thereafter, to wit, on the twenty-first day of February, in the year one thousand eight hundred and seventy-two, said George W. M. Sturges arrived at the age of twenty-one years, and then and there became entitled to the possession and enjoyment of said legacy or interest, which was then and there of the value aforesaid, and to the beneficial interest in the profits accruing therefrom, and thereupon and by force of the statutes of the United States of America, in such case provided, there accrued and became due upon the 17th day of July, 1870, aforesaid, and payable on said 21st day of February, 1872, from the defendants to the plaintiffs, and the defendants became liable to pay then and there to the plaintiffs a duty or tax upon said clear value of said legacy or interest in the excess of the sum of one thousand dollars, at the rate of one dollar for each and every hundred dollars of excess of said value, to wit, the sum of nine hundred and ninety dollars, with

interest thereon from the day last aforesaid, which; although then and there demanded, remains due and unpaid."

The defendants demurred to the declaration. The demurrer was overruled and judgment entered for the amount claimed and costs, which judgment was affirmed by the Circuit Court on appeal. This writ of error was brought to review the latter judgment.

*Mr. J. Hubley Ashton* for plaintiff in error. *Mr. Thomas Harland* filed a brief for same.

*Mr. Assistant Attorney General Maury* for defendant in error, submitted on the brief of *Mr. Solicitor General.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This judgment is reversed on the authority of *Mason* v. *Sargent*, 104 U. S. 689, and the cause remanded, with instructions to reverse the judgment of the District Court and to send the case back to that court for further proceedings according to law.

*Reversed.*