UNITED STATES *v.* KELLEY'S ADM'RS.[1]

*(Circuit Court, E. D. Pennsylvania.* October 16, 1886.)

INTERNAL REVENUE—LEGACY AND SUCCESSION TAXES—ACT OF CONGRESS OF JUNE 30, 1864.

> The act of congress of June 30, 1864, under which the tax in this case was claimed. provided that such tax or duty shall be due and payable whenever the party on whose "distributive share" of an estate the tax is charged "shall be entitled to the possession or enjoyment thereof." The testator died in 1866. The administrator's account was settled in 1873, when the distributees' shares were ascertained and adjudged to be paid to them. The law imposing the tax claimed was repealed in 1870. *Held,* that, as the tax could not be demanded before the repeal of the act of congress imposing it, no right to the tax ever accrued to the United States.

Writ of Error to the District Court. See 27 Fed. Rep. 542.

This was an action brought by the United States to recover legacy taxes imposed by the act of congress of June 30, 1864.

*John K. Valentine,* Dist. Atty., for the United States.

*Samuel Gustine Thompson,* for defendants in error.

McKENNAN, J. By the act of congress under which the tax in this case is claimed, it is provided that such tax or duty shall be due and payable whenever the party on whose "distributive share" of an estate the tax is charged "shall be entitled to the possession or enjoyment thereof." And hence it has been decided in *Mason* v. *Sargent,* 104 U. S. 693, that "the right does not accrue until the duty can be demanded; that is, when it is made payable." In Pennsylvania, although the heirs of a decedent are entitled to an ultimate share of his personal property, yet the legal title to all such property is vested in his administrator until an account of the administration is settled, and the balance shown by it is paid over to the heirs. Hence the heirs have only an interest in the estate of the decedent which is not *eo nomine,* and does not become a distributive share until the fund for division among the heirs is ascertained by a settlement of the administration account, and a decree is rendered by the court for its divisible payment to the heirs,—not until then is a distributive character impressed upon the fund, and are their distributive shares recoverable by the heirs.

In the present case, Philip F. Kelly, of whom the defendants were administrators, died in November, 1866. His estate was in course of administration until January, 1873, when an account was settled, and the amount distributable among the heirs was ascertained and adjudged to be paid to them. Then, and not before, they were entitled to their proportion of their distributive shares, and then only was the tax upon them deemed payable by the terms of the act. But as the law imposing it was repealed before this, to-wit, in 1870, the

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

right to the tax did not accrue, because the tax could not be demanded before the repeal of the act. *Mason* v. *Sargent, supra.*

It follows, therefore, that the judgment of the court below was right, and it is accordingly affirmed.