JAMES C. BELL, Respondent, *v.* SAMUEL S. HEPWORTH et al., Executors, etc., Appellants.

In an action to foreclose a mortgage these facts appeared : By the terms of a copartnership agreement between H. and C. it was provided that, in case of the death of either, the business should be continued by the survivor for five years after such death; the estate of the decedent. receiving and bearing the same share of profits and losses, as he would had he lived. C. died leaving a will by which he appointed his executors trustees, giving to them in trust his residuary estate which included his interest in the partnership assets; this amounted to about $50,000. The will made no mention of the firm business, but gave to the executors power to continue any existing investments. At the time of the death of C. the copartners held an executory contract for the purchase of certain real estate; after such death the premises were conveyed to H. as "survivor." H. carried on the business as survivor without objection on the part of said executors ; he borrowed money of plaintiff to be used in the business and which was so used giving two mortgages to secure the same, the one in suit executed by him as " survivor " upon said premises which contained a consent thereto on the part of the executors and to which they were parties for the purposes simply of such consent, the other upon his individual property. Subsequently said executors made a loan out of the assets of the estate to H. to be used in the business. taking as security a mortgage on said premises executed by him individually and as survivor. *Held,* that the acts of H. as survivor in continuance of the firm business, done with the consent of the said executors and trustees were lawful; and so, plaintiff's. mortgage was valid and binding, and any lien of C.'s estate upon the firm property was thereby postponed to the lien of said mortgage; also that equity required that the debt secured should be satisfied from the mortgaged property before recourse was had to the individual property of H.

(Argued June 10, 1892 ; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1889, which affirmed a judgment in favor of plaintiff, entered upon the decision of the court on trial at the Special Term.

The action was brought to foreclose a mortgage made to the plaintiff by the defendant Samuel S. Hepworth, as survivor of the firm of S. S. Hepworth & Co., June 26, 1884, to secure the

payment of $23,000 and interest. Joseph Colwell in his life-time and Samuel S. Hepworth were copartners in business under the name of S. S. Hepworth & Co., in the manufacture and sale of certain machinery, at first under articles of agreement made February 22, 1877, which provided that the partnership should continue for five years from January 1, 1877, and containing the provision that "should either partner die during the term of said copartnership the firm shall not be deemed dissolved thereupon, but the wife and children of the decedent shall immediately succeed to his interest, which thenceforward, shall be prosecuted for the remainder of the term for the benefit of them and the surviving partner. Either partner may designate by will what interest his wife and children as between themselves, shall have in his said copartnership interest in the event of his death as aforesaid."

On the 18th of October, 1881, and before the expiration of the five years, the parties made a further agreement that the copartnership should continue until dissolved by mutual consent or terminated by six months' notice in writing by one party to the other, and that "in the event of the death of either, the business shall be continued by the survivor until the expiration of five years from the first day of February next succeeding such death, the estate of the deceased partner to have the same share and interest in the profits and to bear the same share of the losses of the business as would have been received and borne by the deceased partner had he lived."

The firm business was thereafter continued under these agreements until June 1, 1882, when Colwell died, leaving children, and a will made subsequent to the last mentioned agreement. He appointed these appellants and one Robinson executors and trustees, and gave them, in trust for his children, the greater part of his estate. The will made no reference to the firm business, but gave his executors power to continue any existing investments and revoked all former wills. After Colwell made his will, the partners made a contract with the plaintiff to purchase from him the premises covered by the mortgage in question.

After Colwell's death, Hepworth, as survivor, continued the partnership business. Colwell's executors did not participate in carrying it on, nor did Colwell's children. The plaintiff gave the deed of the premises in question November 30, 1882, after Colwell's death, to "Samuel S. Hepworth, survivor of the firm of S. S. Hepworth & Co." The consideration was $18,000, $15,000 of which was secured by a purchase-money mortgage to the plaintiff, made by "Samuel S. Hepworth, survivor of the firm of S. S. Hepworth & Co.," and the balance was paid by said Hepworth out of the funds of the partnership estate. The mortgage in suit was given about two years later for money borrowed by Hepworth of the plaintiff to be used in the business still carried on by him under the name of S. S. Hepworth & Co., and the money was used in said business.

Hepworth continued to carry on the business as survivor until October 4, 1887, when he made a general assignment, both individually and as survivor, for the benefit of both his individual and the firm creditors.

At the time of Colwell's death the value of his interest in the firm property and business was $50,000.

The plaintiff at the time of taking the mortgage in suit was acquainted with the facts. Colwell's executors and trustees did not object to Hepworth's carrying on the firm business as survivor. September 30, 1884, they loaned him of the assets of Colwell's estate $35,000, to be used in the business of S. S. Hepworth & Co., and took from him individually and as survivor a mortgage upon the premises in question as security for the payment thereof. The defendants and Robinson, as executors and trustees, were parties to the mortgage now sought to be foreclosed, not, however, to the obligations thereof, but for the purposes expressed in the following recital contained therein. "And whereas, the business of the said copartnership has, since the decease of said Joseph Colwell, been continued and is now continued by the said Samuel S. Hepworth, as survivor as aforesaid, who *alone* is charged with the conduct and management thereof. And whereas, it has become necessary in conducting, managing and continuing the

said business to the best advantage as well to the said Samuel S. Hepworth as to the interest of the estate of the said Joseph Colwell that the real estate and property of the said firm, hereinafter particularly described, should be mortgaged for the purpose of securing the payment of the loan hereinafter particularly referred to.

"And whereas, the said George H. Robinson, George W. Skellen, and Frank W. Colwell, executors and trustees as aforesaid, as parties of the second part, have consented and do hereby consent to the loan hereinafter particularly referred to, made by the party of the third part hereto, and have consented and do hereby consent to the mortgaging of the real estate and the property of the said firm hereinafter particularly described, for the purpose of securing to said party of the third part the sum or sums hereinafter mentioned, and at the times and in the manner hereinafter mentioned and described, and have stated and declared and do herein and hereby state and declare that the moneys secured by these presents are for the uses and benefit of the business of said firm, as aforesaid ; and that the said Samuel S. Hepworth, as survivor as aforesaid, is alone fully authorized and empowered to make, execute and deliver this instrument securing the loan herein mentioned and binding the property herein described with its payment, to all intents and purposes, as herein provided."

The defendant Hepworth, at the time of giving the mortgage in suit, also gave a mortgage to the plaintiff for the same debt upon certain of his individual real estate.

The appellants insisted that the mortgage in suit was the individual debt of Hepworth, and that the mortgage given by him upon his individual estate should first be foreclosed and the proceeds applied upon the debt. Also that the mortgage in suit was subject to the lien of $50,000, which the trial court found was the value of Colwell's interest in the partnership at the time of his death.

The trial court refused so to hold and directed the usual judgment of foreclosure and sale.

*Wm. B. Ellison* for appellants.

*Wm. Allen Butler* for respondent.

LANDON, J.   In *Stewart* v. *Robinson* (115 N. Y. 328), an action in which was involved the effect of the partnership agreements between Colwell and Hepworth upon the right of Hepworth to continue as survivor the partnership business after the death of Colwell, and upon the liability of the assets of his estate outside of the firm business to be charged with the debts created by the survivor after Colwell's death, this court passed upon several questions material to the decision of the present appeal.   It was held in that case that the partnership ended with the death of Colwell; that Hepworth as survivor could not thereafter bind Colwell's estate outside of his interest in the assets of the late firm; that the will of Colwell did not by its terms authorize his executors and trustees to embark in the partnership business with Hepworth, and they had not done so, and, therefore, no new partnership was created; that whether the agreement between Colwell and Hepworth for the continuance of the business of the firm for five years after the death of either partner was or was not binding upon the estate of Colwell, if the estate had chosen to resist it at the outset, it was not unlawful for the executors and trustees to acquiesce in it, and await for five years the winding up of its affairs; that in such case only the capital and property which the deceased partner had put into the firm business could be compulsorily continued in it after his death; that the survivor from the moment of Colwell's death became the sole and absolute owner of the assets of the late firm, and was charged with the duty of winding up the firm estate and doing all the acts relating to it, and thereupon accounting to Colwell's estate for its proper share of the net proceeds.   The court then said " the estate of Colwell had a pecuniary interest in the winding up of the concern, and so that period did not exceed the limitation of five years from their testator's death they (the executors and trustees) were not required to interfere.

They might do what they could to promote its successful business."

Nothing appears in the present case tending to impeach the soundness of these conclusions. It follows that the acts of Hepworth as survivor in continuance of the firm business after the death of Colwell, done with the consent of the executors and trustees with the view to promote the success of the business were not unlawful, and that the mortgage in question being one of such acts of the survivor, executed for the purpose and with the consent mentioned, was as between the plaintiff who loaned his money upon it and Colwell's estate, whose representatives approved it, valid and binding according to its terms, and not subject to any defense based upon a repudiation of the consent expressly written in it by such representatives.

As between the parties to the mortgage it was the act of the survivor of the firm holding the title to the property and charged with the administration of the business and assets of the late firm, and, therefore, binding the mortgaged property, and that any lien of Colwell's estate upon the firm property was thereby postponed to the lien of the mortgage. (*Hoyt* v. *Sprague*, 103 U. S. 613.) Equity requires that the debt thus contracted should be satisfied from the mortgaged property before recourse be had to the individual property of Hepworth, also at the same time mortgaged for the same debt.

The discussion would rest here, except that we think it proper to notice some of the positions taken by the appellants. They assail the validity of the provision of the partnership agreement between Colwell and Hepworth, which authorized the surviving partner to continue the partnership business for five years after the death of either partner. They claim that this is in effect a testamentary provision without the statutory formalities of execution, and if that objection is invalid, that its effect is to suspend unlawfully the alienability and absolute ownership of personal property of the estate continued for five years in the business of the survivor. The general question thus presented is an open one in this court. (*National Bank of Newburgh* v. *Bigler*, 83 N. Y. 51.)

It may, however, be remarked with respect to this partnership agreement, that, if valid, its effect would be, as held in *Stewart's* case, to leave in the partnership business for five years the amount which Colwell had in it at the time of his death. That would practically be a loan of that amount to the survivor for five years, subject to the gain or loss of the business. The survivor would be the sole owner and manager of the business and property, and Colwell's estate would not, beyond the amount thus continued in the business, be liable for new debts. Thus the estate would have an investment in the business, and, as in the case of other investments having five years in which to mature, the executors could sell, or otherwise dispose of it, in the course of due administration whenever opportunity offered. The value of the asset, but not its disposability, would be affected by the conditions of its investment.

But the case does not require us to hold that the contract for the continuance of the partnership business was valid. It was not necessary in *Stewart's* case, and is not necessary now. The court, in *Stewart's* case, assumed that a provision for the continuance of the partnership business, if made in the will of the deceased partner, would be valid, and held that if the like provision in the contract of partnership was also valid, its terms must necessarily be construed as strictly as in case of a will, and the court ascertained the measure of that strictness of construction with respect to a will, and applied the same measure to this contract, and thus found that if the contract were valid, its terms did not give creditors, in respect of debts incurred by the survivor after Colwell's death, any recourse against his estate other than the part thereof continued in the firm business, and gave them none against the executors and trustees, for they were not partners in any new firm.

But the court was clear in its expression that, although the executors and trustees might not have been bound by the contract, and might have taken instant steps to compel Hepworth as survivor to wind up the partnership business, they were not bound to do so.

This was said in respect of the rights of general creditors, who became such after the death of Colwell, and with the view of showing why their recourse was limited to the firm property and that acquired by the survivor. It was based upon the assumption that the continuance of the business was lawful as to those interested in it, either as lienors or actors, so long as they assented to it.

While the strict duty of the survivor is to wind up the firm business and not to continue it any further than is necessary for that purpose, it is obvious that its continuance is not unlawful as to those who consent to it. It may be beneficial to all parties in interest that it should be continued. But, of course, there are hazards, and the most hopeful prospect of gain may result in loss. In the present case the survivor apparently had the right to continue the business under the firm articles. The executors and trustees apparently thought so. They were vested by the will with the title to the lien of the estate upon the firm business and property. They were authorized by the will to retain without change the testator's investments as they existed at his death. They knew that the business had been prosperous. They were not simply executors charged with administering Colwell's estate, but were trustees holding title to the lien upon the firm assets, and were acting with the view of increasing its value. They were not limited by the restrictions imposed upon executors (*Schmittler v. Simon*, 101 N. Y. 554), but they had the larger powers of owners of the lien. For their own personal protection they needed to act with prudence and discretion, and the facts just referred to would be pertinent to the consideration of that question, but as between themselves and the other .parties to the mortgage they had the legal right as trustees and owners of the lien upon the firm assets to give or withhold their consent to the mortgage. Hepworth held the title to the real estate as survivor, and had the power to mortgage it in aid of the proper business of the survivorship. (*Williams v. Whedon*, 109 N. Y. 333; *Durant v. Pierson*, 124 id. 444.) Whether the continuance of the business for a time before

winding it up was a proper business, was, so far as the plaintiff's rights were involved, to be determined by the survivor and the trustees. By executing the mortgage they determined it in plaintiff's favor, and as between Hepworth and Colwell's estate they determined it in favor of Hepworth.

The effect of the transaction was that the mortgage became a lien upon the mortgaged property in preference to the lien of Colwell's estate, and to the extent of the moneys to be realized upon it in exoneration of Hepworth's individual property.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.