## In Re McCOLLUM et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. DECEDENT'S ESTATES—EXECUTORS—CONTINUATION OF BUSINESS.
　　In the absence of authority in the will, executors have no right to continue the business of decedent, except for the purpose of converting the assets into money.

2. SAME—DECEDENT'S ORAL REQUEST.
　　An oral request of a decedent that his executors continue his business after his death does not confer on them authority to do so.

3. SAME—CONTINUANCE TO WIND UP—EVIDENCE.
　　The continuance by an executor of the business of deceased could not be regarded as merely incidental to the winding up of the business, where the executor testified that he continued the business in accordance with the decedent's oral request that he should do so.

4. WILLS—BEQUEST OF INCOME.
　　Where testator devised the "use, rents, and interest and income" of his property to his wife for life, she was entitled to the entire benefit of the usufruct of the corpus of the estate.

5. SAME—PROFITS.
　　Where an executor, without authority so to do, continued decedent's business, the profits arising therefrom were not an increase of the corpus of the estate, to which the residuary legatee of such corpus was entitled, but constituted income, to which the legatee of the use, interest, and income of the estate was entitled.

Appeal from surrogate's court, Kings county.

Judicial settlement of the accounts of Elizabeth McCollum and another as executors of the will of Daniel McCollum, deceased. From the decree, Annie Monahan, as residuary legatee, appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John F. Carew, for appellant.
Albert G. McDonald, for respondents.

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 407.

JENKS, J. I think that the decree of the learned surrogate of Kings county should be affirmed.

The rule is that, in the absence of authority expressed in the will, the death of a partner works the end of his trade; and therefore these executors had no authority to continue the business, except for the purpose of converting the assets into money. Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493, and authorities cited. The oral request of the testator, made in his lifetime, was, of course, outside of the will and did not confer such authority. Willis v. Sharp, supra. Nor can the continuance of the fund in the business be held to be merely incidental to the winding up of the business, in the face of the testimony of the executor that he left the capital in the business in accord with the said request, and because larger returns were probable.

The objection made by the residuary legatee is that the continuance of the business was ultra vires the executors, but incidentally such continuance is ratified by her so far as the return from such continuance is sought by the legatee. The proposition is that the ultra vires acts in continuance made the earnings of the corpus increase of the corpus; and the practical result of such contention, if it prevail, is that by the omission of the executors the life tenant, contrary to the scheme of the testator, loses the sole provision made by him for her benefit, while the residuary legatee receives that which it was never intended she should receive. Thus the omission of the executors thwarts the intent of their testator.

There is no restriction in the will to investments in specified securities, upon which to base an argument that the testator intended to limit her income. On the other hand, it seems clear that the testator intended that his widow should receive during her life the entire benefit of the usufruct of the corpus, in that he could not have employed terms more comprehensive than "use, rents, interest, and income." Of the word "income" alone, Jessel, M. R., in Ex parte Huggins, 21 Ch. Div. 85, 92, said, "It is as large a word as can be used." It does not appear that the amount received by the executors and paid to the life tenant constituted an increase of the corpus, but, rather, that it was the earnings of the capital invested. I think that the essential character of the $20,000 should not be changed from income to increase because the executors continued the corpus contrary to their obligations. The rules which regulate the dealings of executors with a fund are not to be applied to defeat the scheme of the testator, to the suffering of a beneficiary under that fund, for it has been held that such rules have reference to the administration, and are not available to defeat beneficial rights. Matter of Stanfield, 135 N. Y. 292, 295, 31 N. E. 1013. Whether the income of the corpus was at the rate of 1 per cent. or of 20 per cent. did not affect the interest of the residuary legatee, as defined by the will, for that was limited to the corpus after the death of the widow. So long, then, as the fund is intact and secure, the interest of the legatee is, under the will, fully preserved. While she should be heard as to all matters which might jeopardize the fund, she should not be permitted to use the omissions of the executors to defeat the interest

of the life tenant. Further, Elizabeth McCollum, legatee of the income, and Elizabeth McCollum, an executrix, are two different and distinct identities, in the eye of the law.

I am of opinion that the life tenant is entitled to all of the income accruing from the date of the testator's death. Matter of Slocum, 60 App. Div. 438, 69 N. Y. Supp. 1036, affirmed in 169 N. Y. 153, 62 N. E. 130.

Decree of the surrogate's court of Kings county affirmed, with costs. All concur.