TILGHMAN et al. v. EIDMAN, Internal Revenue Collector.

(Circuit Court, S. D. New York.    May 25, 1904.)

1. SUCCESSION TAX—REPEAL—SAVING CLAUSE.

Where no succession tax provided for by Act Cong. June 13, 1898, c. 448, 30 Stat. 450 [U. S. Comp. St. 1901, p. 2291], was due, payable, or a lien on the property of the deceased at the time the act was repealed by Act Cong. April 12, 1902, c. 500, 32 Stat. 97 [U. S. Comp. St. Supp. 1903, p. 279], in effect July 1, 1902, the tax to which the estate would otherwise

have been subject was not "imposed" at the date of the repeal within the saving clause of section 8 of the repealing act, providing that taxes previously imposed should not be affected by the repeal.

Demurrer to Complaint.

Charles Duane Baker, Asst. U. S. Atty., for the demurrer.
Edward B. Whitney, opposed.

LACOMBE, Circuit Judge. I am unable to distinguish this case from Mason v. Sargent, 104 U. S. 689, 26 L. Ed. 894. Under the statute and amendments and the principle enunciated in that case, no tax was due or payable, nor was there a lien for any tax upon the property of the deceased, at the time the repealing act of April 12, 1902, went into effect (July 1, 1902). Under these circumstances it cannot be said that any tax was "imposed" within the meaning of the saving clause, section 8 of the act last cited. Act April 12, 1902, c. 500, 32 Stat. 97 [U. S. Comp. St. Supp. 1903, p. 279].

The demurrer is overruled, with leave to answer within 10 days after entry of order.